IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MARGARET AVIS WILLIAMSON, | ) | |
| | ) | |
| Plaintiff, | ) | 8:12CV284 |
| | ) | |
| v. | ) | |
| | ) | |
| DOUGLAS COUNTY | ) | **MEMORANDUM** |
| COMMUNITY HEALTH CENTER, | ) | **AND ORDER** |
| and RICHARD YOUNG MENTAL | ) | |
| HOSPITAL, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed her Complaint in this matter on August 9, 2012. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

**I.     SUMMARY OF COMPLAINT**

Plaintiff filed her Complaint against the Douglas County Community Health Center and Richard Young Mental Hospital, which Plaintiff notes is "closed." (Filing No. 1 at CM/ECF p. 1.) Condensed and summarized, Plaintiff alleges that, beginning in August 1999, she was civilly committed due to mental health issues and is "still considered committed now." (*Id.* at CME/CF p. 2.) Plaintiff has been "locked up" repeatedly for her mental health conditions, resulting in her being "very sick and poor." (*Id.* at CME/CF p. 3.)[1] Plaintiff's family is working with "the system" to keep her civilly committed and even though Plaintiff believes she hasn't "done anything"

---

[1] It is unclear whether Plaintiff is currently physically confined in a mental health facility. Liberally construing the Complaint, it is clear that Plaintiff is still subject to an ongoing civil commitment order, was repeatedly physically confined in the past, and is subject to physical confinement in the future. (Filing No. 1.)

or "committed [any] crime," she remains in state care. (*Id.*) Plaintiff alleges that she is "suffer[ing] like a slave to [her] family and the system" in part because of her "race and [her] belief in Jesus Christ." (*Id.* at CM/ECF p. 5.) Plaintiff requests that the court award her unspecified monetary relief and, liberally construed, end her civil commitment. (*Id.* at CM/ECF pp. 3-5.)

## II.  APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III.  DISCUSSION OF CLAIMS

Claims relating to the validity of an individual's incarceration may not be brought in a civil rights case, regardless of the relief sought. As set forth by the

Supreme Court in *Preiser v. Rodriquez*, 411 U.S. 475 (1973), and *Heck v. Humphrey*, 512 U.S. 477 (1994), if success on the merits of a civil rights claim would necessarily implicate the validity of a prisoner's conviction or continued confinement, the civil rights claim must be preceded by a favorable outcome in a habeas corpus or similar proceeding in a state or federal forum. Absent such a favorable disposition of the charges or conviction, a plaintiff may not use 42 U.S.C. § 1983 to cast doubt on the legality of his conviction or confinement. See *Heck*, 512 U.S. at 486-87; *see also Duncan v. Walker*, 533 U.S. 167, 176 (2001) (stating a state court order of civil commitment satisfies the federal habeas statute's "in custody" requirement); *Simpson v. Demorales*, No. CV 08-5475-SGL (JTL), 2009 WL 362109, at *2-4 (C.D. Cal. Feb. 10, 2009) (concluding a plaintiff who filed a § 1983 complaint, challenging his commitment to a mental health facility failed to state a claim upon which relief could be granted because his claim would imply that his commitment was in some way invalid).

Here, Plaintiff alleges that her ongoing civil commitment is wrong and that "there is no legitimate reason to locking [her] up." (Filing No. 1 at CM/ECF p. 3.) Plaintiff seeks monetary relief for her ongoing civil mental health commitment and an end to that order. (*Id.* at CM/ECF pp. 3-5.) A judgment in Plaintiff's favor on these claims would imply that her current civil commitment is in some way invalid. As set forth above, the court cannot address claims related to the validity of Plaintiff's confinement in an action brought pursuant to 42 U.S.C. § 1983. However, the court will dismiss Plaintiff's Complaint without prejudice to reassertion in a habeas corpus or similar proceeding.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint (filing no. 1) is dismissed without prejudice.

2. A separate judgment will be entered in accordance with this Memorandum and Order.

3. The Clerk of the court is directed to send to Plaintiff the Form AO240, Application to Proceed Without Prepayment of Fees and the Form AO241.

DATED this 16th day of October, 2012.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.